**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SUSANNAH WARNER KIPKE,                    )
    311 Eagle Hill Road                            )
    Pasadena, Maryland 21122                    )
    Anne Arundel County                            )
                        )
    *and*                                            )
                        )
MARYLAND STATE RIFLE AND PISTOL      )
ASSOCIATION, INC.,                              )
    341 Whitfield Road                              )
    Catonsville, Maryland 21228                  )
    Baltimore County                                )
                        )
    *Plaintiffs,*                                      )
                        )
    v.                                                )    Civil Action No. _____
                        )
WES MOORE, in his official capacity          )
as Governor of Maryland,                        )
    100 State Circle                                 )
    Annapolis, Maryland 21401                    )
    Anne Arundel County                            )
                        )
    *and*                                            )
                        )
ROLAND L. BUTLER, JR, in his official      )
capacity as Maryland State Police              )
Superintendent and Secretary,                  )
    1201 Reisterstown Road                        )
    Pikesville, Maryland 21208                    )
    Baltimore County                                )
                        )
    *Defendants.*                                    )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Plaintiffs Susannah Warner Kipke ("Mrs. Kipke") and the Maryland State Rifle and Pistol

Association, Inc. ("MSRPA") (collectively "Plaintiffs"), by and through the undersigned

attorneys, file this Complaint against the above-captioned Defendants, in their official capacities

as state officials responsible under Maryland law for administering and enforcing the State's laws

and regulations governing the carrying of handguns outside the home. Plaintiffs seek a declaration that Maryland's restrictions and burdens on the right to carry a handgun outside the home for self-defense, as enacted in Senate Bill 1, House Bill 824, and under pre-existing Maryland law, are unconstitutional under the First, Second, and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek an injunction barring Defendants from enforcing those unconstitutional restrictions. In support of their Complaint against Defendants, Plaintiffs hereby make the following allegations.

## INTRODUCTION

1.      The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. Const. amend. II. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court made clear that the text of the Second Amendment protects the right to keep arms in the home and the right to bear them outside the home equally. "Nothing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms." *Id*. at 2134; *see also id*. at 2135 ("The Second Amendment guarantees an 'individual right to possess and carry weapons in case of confrontation,' and confrontation can surely take place outside the home.") (quoting *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008)). This guarantee protects the right of "ordinary, law-abiding, adult citizens" to "carry[] handguns publicly for self-defense." *Id*. at 2134.

2.      At issue in *Bruen* was a New York law that prohibited the granting of licenses to carry a handgun outside the home for self-defense unless the applicant could demonstrate that they had "proper cause" for obtaining a permit to carry a handgun. *Id.* at 2122–23. *Bruen* struck down that requirement, holding that the Second Amendment precludes "licensing laws[] under which authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the

statutory criteria, usually because the applicant has not demonstrated cause or suitability for the relevant license." *Id*. at 2123–24.

3.　　One month after the Supreme Court decided *Bruen*, the Maryland Appellate Court invalidated Md. Code Ann., Pub. Safety § 5-306(a)(6)(ii), which similarly required an applicant for a carry permit to demonstrate that he "has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger." *Matter of Rounds*, 255 Md. App. 205, 212 (2022). The court held that the similarities between the Maryland statute and the New York statute invalidated in *Bruen* were "self-evident" and that *Bruen* "expressly noted that Maryland was one of six states" with a law analogous to New York's. *Id*

4.　　In response to—and in defiance of—*Bruen* and *Rounds*, Maryland enacted Senate Bill 1 and House Bill 824, both of which take effect on October 1, 2023. Through these bills, Maryland replaced one blatantly unconstitutional licensing regime with another blatantly unconstitutional licensing regime. The bills contain unconstitutional restrictions on where and how ordinary, law-abiding Maryland citizens with a carry permit may exercise their right to carry a handgun for self-defense outside the home, unconstitutional requirements for obtaining a carry permit, and provisions unconstitutionally compelling speech from property owners who do not wish to prohibit ordinary, law-abiding Maryland citizens with a carry permit from carrying a handgun on their property. These new laws, in addition to certain challenged restrictions that pre-existed Senate Bill 1 and House Bill 824 (collectively, the "Carry Permit Requirements"), destroy the right recognized in *Bruen*—the right of ordinary, law-abiding citizens to bear arms for self-defense outside the home—in the state of Maryland.

5.      Plaintiffs include an ordinary, law-abiding and responsible citizen of Maryland and an advocacy organization representing the interests of ordinary, law-abiding and responsible citizens in Maryland, who wish to exercise their fundamental, individual right to carry a handgun for self-defense outside the home and would do so but for the reasonable fear of prosecution as a result of Defendants' enforcement of the unconstitutional laws and regulations challenged in this lawsuit.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343.

7.      Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

9.      Plaintiff Susannah Warner Kipke is a citizen of the United States and a resident and citizen of the State of Maryland. She resides at 311 Eagle Hill Road, Pasadena, Maryland 21122. Mrs. Kipke is a federally licensed firearms dealer and Maryland regulated firearms dealer. She owns and operates a small business in Millersville, Maryland: Mrs. Kipke's Secure Gun Storage.

10.      Mrs. Kipke obtained her Maryland carry permit in or around 2021 and obtained a Florida carry permit in or around the same year that allows reciprocity in other states in which she travels. She lawfully owns a handgun that she keeps in her home to defend herself and her family. She desires to carry a handgun outside the home for the defense of herself and her family.

11.      Mrs. Kipke is not a law enforcement officer or a member of the armed forces, and she does not fall within any of the other exceptions to Maryland's restrictions on carrying a handgun outside the home.

12.     But for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, Mrs. Kipke could and would exercise her right to carry a handgun in unconstitutionally restricted locations including the following: a state park, a state forest, a state highway rest area, on the grounds of a private primary school (but not in the school buildings themselves), the Camden Yards Sports Complex, a healthcare facility, a building owned or leased by a unit of state or local government, a restaurant that may serve alcohol for on-site consumption, a stadium, a museum, an amusement park, a racetrack, a demonstration in a public place (and/or in a vehicle that is within 1,000 feet of a demonstration in a public place), and in various other locations that do not prohibit firearms on their property including her grocery store, drug store, and gas station.

13.     Mrs. Kipke owns or leases property and wishes to allow individuals to possess firearms on that property without posting clear and conspicuous signage indicating that the carrying of firearms on her property is permitted (or otherwise providing express permission to individuals specifically or the public generally). But for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, Mrs. Kipke could and would allow individuals to possess firearms on her property without posting clear and conspicuous signage indicating that the carrying of firearms is permitted on her property (or otherwise providing express permission to individuals specifically or the public generally).

14.     Plaintiff Maryland State Rifle and Pistol Association is an association organized to defend the right of ordinary, law-abiding Maryland residents to keep and bear arms. MSRPA is located at 341 Whitfield Road, Catonsville, Maryland 21228. MSRPA advocates on behalf of itself and its individual members. MSRPA is the flagship gun rights organization in and for the State of Maryland. MSRPA offers both individual and club memberships. MSRPA provides support for

the shooting disciplines and legislative activities primarily through a system of committees. All staff and participants are volunteers. MSRPA's activities include:

      a.      Maintaining a statewide network of gun rights activists for informing legislators, other public officials, and the media about the interests of the gun-owning community;

      b.      Promoting marksmanship and safe firearms handling via affiliated clubs and statewide programs;

      c.      Organizing and sanctioning state championship matches in all shooting disciplines;

      d.      Conducting Junior Programs in the shooting sports; and

      e.      Promoting hunter safety.

15.      The Carry Permit Requirements at issue in this lawsuit compromise MSRPA's central mission and directly harm MSRPA as an organization by undermining its message and acting as an obstacle to the organization's objectives and purposes. MSRPA brings this action to redress the ongoing injury caused by Defendants' frustration of its mission and the consequent diversion of resources away from MSRPA's other projects, as well as to educate the public about and advocate against legislative overreach such as the Carry Permit Restrictions it challenges here.

16.      Plaintiff MSRPA has thousands of members who reside in Maryland and are not active or retired law enforcement officers or members of the armed forces, and who do not fall within any of the other exceptions to Maryland's restrictions on obtaining a carry permit or carrying a handgun outside the home. Many of these MSRPA members will be deterred by the challenged Carry Permit Requirements from exercising their right to carry a handgun for self-defense outside of the home.

17.     Plaintiff MSRPA has at least one member who could and would, but for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, exercise their right to carry a handgun for self-defense in unconstitutionally restricted locations, including the following: a state park, a state forest, a state highway rest area, a transit facility or transit vehicle owned or controlled by the Maryland Transit Administration, the grounds of public school property (but not in school buildings themselves), the grounds of a preschool or prekindergarten facility and on the grounds of a private primary and secondary school (but not in school buildings themselves), on the property and/or grounds under the jurisdiction of the Department of General Services, on the grounds of a facility under the jurisdiction of the Maryland Racing Commission, the Camden Yards Sports Complex, a healthcare facility, a property operated as a museum by the Department of Planning or a unit within the Department of Planning, a building owned or leased by a unit of state or local government, a location licensed to sell or dispense alcohol or cannabis for on-site consumption, a stadium, a museum, an amusement park, a racetrack, a video lottery facility, and a demonstration in a public place (and/or in a vehicle that is within 1,000 feet of a demonstration in a public place).

18.     Plaintiff MSRPA has at least one member who owns or leases property and wishes to allow individuals to possess firearms on their property without posting clear and conspicuous signage indicating that the carrying of handguns on their property is permitted on their property (or otherwise providing express permission to individuals specifically or the public generally). But for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, MSRPA members could and would allow individuals to possess firearms on their property without posting clear and conspicuous signage indicating that the carrying of handguns is permitted on that

property (or otherwise providing express permission to individuals specifically or the public generally).

19.     Plaintiff MSRPA has at least one member who possesses all of the qualifications necessary to apply for and obtain a carry permit and who will be deterred from completing an application for a carry permit because of the expense, inconvenience, and other impermissible burdens of the application process and its constituent parts, as well as the restrictions on carry permit holders. But for Defendants' continued enforcement of the challenged Carry Permit Requirements, that member would forthwith complete an application for a carry permit.

20.     Defendant Moore is being sued in his official capacity. As Governor, he is the executive branch official with the ultimate responsibility for the enforcement of Maryland's laws and regulations governing the carrying of handguns outside the home. Together with the co-Defendant, Defendant Moore is ultimately responsible for executing and administering the State of Maryland's laws and policies at issue in this lawsuit. Defendant Moore has signaled his intention to enforce the challenged laws against Mrs. Kipke and MSRPA's members.

21.     Defendant Butler is being sued in his official capacity. Defendant Butler is directly responsible for executing and administering the State of Maryland's laws and policies at issue in this lawsuit. Together with the co-Defendant, Defendant Butler is ultimately responsible for executing and administering the State of Maryland's laws and policies at issue in this lawsuit. Defendant Butler has signaled his intention to enforce the challenged laws against Mrs. Kipke and MSRPA's members.

## FACTUAL ALLEGATIONS

22.     Maryland law generally forbids any person from "wear[ing], carry[ing], or transport[ing] a handgun, whether concealed or open, on or about the person." Md. Code Ann., Crim. Law § 4-203(a)(1). Violating this ban is a misdemeanor, punishable by a fine and/or imprisonment. *Id.* § 4-203(c). Maryland's ban is subject to exceptions for active-duty members of the military, police officers, and peace officers. *Id.* § 4-203(b)(1). Unlike the ordinary citizen, none of these special categories of individuals are required to obtain a carry permit to wear, carry, or transport a handgun on or about the person.

23.     An ordinary, law-abiding member of the general public who wishes to carry a handgun for self-defense outside the home can do so only if he obtains a carry permit under Title 5, Subtitle 3 of Maryland's Public Safety Article. *Id*. § 4-203(b)(2); *see also* Md. Code Ann., Pub. Safety § 5-303 ("A person shall have a permit issued under this subtitle before the person carries, wears, or transports a handgun.").

### The Carry Permit Requirements

24.     Under existing Maryland law, ordinary, law-abiding Maryland citizens with a carry permit may not carry a handgun for self-defense:

   a.      In a state park or state forest. COMAR 08.07.06.04; COMAR 08.01.07.14.

   b.      In a state highway rest area. COMAR 11.04.07.12.

   c.      In a transit facility or transit vehicle owned or controlled by the Maryland Transit Administration. Md. Code Ann., Transp. § 7-705(b)(6).

   d.      On public school property, including the grounds beyond the school buildings themselves. Md. Code Ann., Crim. Law § 4-102(b).

e.      On the property of state public buildings, improvements, grounds, and multiservice centers under the jurisdiction of the Department of General Services. COMAR 04.05.01.03.

f.      On the grounds of a facility under the jurisdiction of the Maryland Racing Commission. COMAR 09.10.03.03(A)(10).

g.      In the Camden Yards Sports Complex, including Oriole Park at Camden Yards and the Ravens' Stadium and offices, restaurants, stores, museums, parking facilities, and other facilities located on the Camden Yards Sports Complex, which include the grounds and walkways surrounding those facilities. COMAR 14.25.01.01; 14.25.02.06.

h.      In a video lottery facility. COMAR 36.03.01.02(B)(6); 36.03.10.48.

i.      Any property operated as a museum by the Department of Planning or a unit within the Department of Planning. COMAR 34.04.08.02; 34.04.08.04.

j.      At a demonstration in a public place or in a vehicle that is within 1,000 feet of a demonstration in a public place after having been advised by a law enforcement officer that a demonstration is occurring at the public place and having been ordered by the law enforcement officer to leave the area of the demonstration until the person disposes of the firearm. Md. Code Ann., Crim. Law § 4-208(b)(2). "Demonstration" means one or more persons demonstrating, picketing, speechmaking, marching, holding a vigil, or engaging in any other similar conduct that involves the communication or expression of views or grievances and that has the effect, intent, or propensity to attract a crowd or onlookers. *Id*. § 4-208(a)(2). "Public place" means a place to which the general public has access and a right to resort for business, entertainment, or other lawful purpose and includes the front or immediate area or parking lot of a store, restaurant, tavern, shopping center, or other place of business; a public building, including its grounds and curtilage;

a public parking lot; a public street, sidewalk, or right-of-way; a public park; and "other public grounds." *Id*. § 4-208(a)(6).

25.     Senate Bill 1 further restricts where ordinary, law-abiding Maryland citizens with a carry permit, including Mrs. Kipke and MSRPA's members, may exercise their fundamental right to carry a handgun for self-defense outside the home.

26.     Senate Bill 1 adds Section 4-111 to Title 4 of the Criminal Code, forbidding ordinary, law-abiding Maryland citizens with a carry permit from possessing or carrying a handgun for self-defense in:

a.     An "area for children and vulnerable individuals," which is defined to include (i) preschool or prekindergarten facility or the grounds of the facility, including the grounds beyond the school buildings themselves; and (ii) a private primary or secondary school or the grounds of the school, including the grounds beyond the school buildings themselves.

b.     A health care facility, as defined in § 15-10B-01(g)(1), (2), (3), and (4) of the insurance article.

c.     A "government or public infrastructure area," which is defined in pertinent part to include (i) a building or any part of a building owned or leased by a unit of state or local government; or (ii) a building of a public or private institution of higher education, as defined in § 10-101 of the education article.

d.     A "special purpose area," which is defined to include (i) a location licensed to sell or dispense alcohol or cannabis for on-site consumption; (ii) a stadium; (iii) a museum; (iv) an amusement park; (v) a racetrack; or (vi) a video lottery facility, as defined in § 9-1A-01 of the state government article.

27.     Senate Bill 1 exempts retired law enforcement officers from its restrictions on where law-abiding Maryland citizens with a carry permit may exercise their fundamental right to carry a handgun for self-defense outside the home.

28.     A violation of Section 4-111 is a misdemeanor punishable by imprisonment not exceeding one year and a fine not exceeding $1,000 or both. Md. Code Ann., Crim. Law § 4-111(f).

29.     Senate Bill 1 adds Section 6-411 to Title 4 of the Criminal Code, which is contrary to the presumptive right to carry outside the home on private property absent a posting to the contrary by forbidding ordinary, law-abiding Maryland citizens with a carry permit from possessing or carrying a firearm for self-defense in:

        a.      The Property of another unless the owner or the owner's agent has posted a clear and conspicuous sign indicating that it is permissible to wear, carry, or transport a firearm on the Property. "Property" means "a building" and is different than the separately defined "Dwelling," which is not at issue in this lawsuit.

        b.      The Property of another unless the owner or the owner's agent has given the person express permission to wear, carry, or transport a firearm on the Property.

30.     A violation of Section 6-411 is a misdemeanor punishable by imprisonment not exceeding one year and a fine not exceeding $1,000 or both. Md. Code Ann., Crim. Law § 6-411(e).

31.     A person seeking a carry permit must apply to Defendant Butler to do so. Md. Code Ann., Pub. Safety § 5-304. House Bill 824 raises the nonrefundable fee Defendant Butler may charge to file an application from $75 to $125 for an initial application and from $50 to $75 for a renewal application. *Id*. § 5-304(b)(2). As part of this application, the applicant must submit two

complete sets of the applicant's legible fingerprints taken on forms approved by the Director of the Central Repository and the Director of the Federal Bureau of Investigation. *Id*. § 5-305(c).

32.     To be eligible for a carry permit, an applicant must satisfy numerous criteria. For example, he must be at least 21 years old, must not have been convicted of any felony or serious offense (including certain misdemeanors), must not be an unlawful user of a controlled substance, and must not have any history of mental illness. Md. Code Ann., Pub. Safety § 5-306.

33.     Before the enactment of House Bill 824, Section 5-306(a)(5) of the Code of Public Safety required an applicant to "successfully complete[] prior to application and each renewal, a firearms training course approved by the Secretary that includes: (i) 1. for an initial application, a minimum of 16 hours of instruction by a qualified handgun instructor; or 2. for a renewal application, 8 hours of instruction by a qualified handgun instructor; (ii) classroom instruction on: 1. State firearm law; 2. home firearm safety; and 3. handgun mechanisms and operation; and (iii) a firearms qualification component that demonstrates the applicant's proficiency and use of the firearm." Md. Code Ann., Pub. Safety § 5-306(a)(5) (2013).

34.     Section 5-306(a)(5) now requires that the firearms training course be in person and include: "(i) State and federal firearm laws, including laws relating to: 1. Self-defense; 2. Defense of others; 3. Defense of property; 4. The safe storage of firearms; 5. The circumstances under which an individual becomes prohibited from possessing a firearm under state and federal law, including becoming a respondent against whom: A. A current non ex parte civil protective order has been entered under § 4-506 of the family law article; B. An order for protection, as defined in § 4-508.1 of the family law article, has been issued by a court of another state or a native American tribe and is in effect; or C. A current extreme risk protective order has been entered under subtitle 6 of this title; 6. The requirements and options for surrendering, transferring, or otherwise

disposing of a firearm after becoming prohibited from possessing a firearm under state or federal law; 7. The requirements for reporting a loss or theft of a firearm to a law enforcement agency as required by § 5-146 of this title; 8. The firearms and firearm accessories which are banned under state and federal law; 9. The types of firearms that require a special permit or registration to acquire or possess under state or federal law; 10. The law prohibiting straw purchases; 11. The law concerning armed trespass under § 6-411 of the criminal law article; and 12. The locations where a person is prohibited from possessing a firearm regardless of whether the person possesses a permit issued under this subtitle; (ii) home firearm safety; (iii) handgun mechanisms and operations; (iv) conflict de-escalation and resolution; (v) anger management; and (vi) suicide prevention; and (3) a firearm qualification component that includes live-fire shooting exercise on a firing range and requires the applicant to demonstrate: (i) safe handling of a handgun; and (ii) shooting proficiency with a handgun. Md. Code Ann., Pub. Safety § 5-306(a)(5). Many of these new requirements have nothing to do with the safe and lawful carry of a handgun outside of the home.

35.     Section 5-306(b) exempts retired law enforcement officers from completing the certified firearms training course requirement, and Section 5-304(d) exempts retired law enforcement officers from the carry permit application fee.

36.     The applicant must also satisfy subjective criteria: that the applicant "based on an investigation: has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another." Md. Code Ann., Pub. Safety § 5-306(a)(6). Maryland law does not define what the subjective criteria mean or how one avoids being disqualified to carry a handgun under it, or what the investigation may entail.

37.     A carry permit expires on the last day of the permit holder's birth month following two years after the date the permit is issued. Md. Code Ann., Pub. Safety § 5-309(a). A carry permit may be renewed for successive periods of three years each if, at the time of an application for renewal, the applicant possesses the qualifications for the issuance of a permit, completes eight hours of instruction by a qualified handgun instructor, and pays the renewal fee. *Id*. §§ 5-306(a)(5), 309(b).

38.     Defendant Butler has no deadline to approve or deny a carry permit application. *See* Md. Code Ann., Pub. Safety § 5-306(a)(1) ("the Secretary shall issue a permit within a reasonable time . . ."). A person whose application for a carry permit or renewal of a carry permit is not acted on by Defendant Butler within 90 days after submission of the application may request a hearing before the Office of Administrative Hearings by filing a written request with Defendant Butler and the Office of Administrative Hearings. *Id*. § 5-312(a). A hearing shall be held within 60 days of the request for a hearing, and a decision must be rendered within 90 days of the hearing. *Id*. § 5-312(b). In addition to the time it takes to complete and submit a carry permit application, Section 5-312 allows Defendants to take up to 240 more days to approve or deny that application.

39.     It is unclear where, if anywhere, ordinary, law-abiding Maryland citizens with a carry permit may lawfully carry a handgun for self-defense. The restrictions imposed by the Carry Permit Requirements prohibit carrying a firearm in various places where it would be reasonable to expect to need to defend oneself, destroying the right to carry a handgun outside the home guaranteed by the Second Amendment.

**The Carry Permit Requirements Will Deter Mrs. Kipke and MSRPA's Members from Carrying Firearms Outside the Home for Self-Defense**

40.     Mrs. Kipke frequents many of the places that Maryland law prohibits (or will prohibit once Senate Bill 1 and House Bill 824 take effect) her and other carry permit holders from

carrying a handgun for self-defense. She frequently visits state parks and state forests. When traveling, she regularly stops at state highway rest areas. She drops off and picks up her children from a private school, requiring her to enter the grounds of a private primary school. She visits at least annually her physician, whose office is located in a healthcare facility. She also regularly takes her children to an amusement park and minor league baseball stadium. She also visits a racetrack annually. She visits Baltimore several times a year, where she visits the Camden Yards Sports Complex and various museums. She frequently dines at restaurants that serve alcohol for on-site consumption. Mrs. Kipke frequents these restaurants without consuming any alcohol and has no intention of carrying a firearm at any time when she may be consuming alcohol. Rather, she desires to carry a handgun in these locations while remaining a responsible, law-abiding, sober adult. She routinely visits various buildings that are owned or leased by a unit of state or local government. She also attends demonstrations in a public place (and/or in a vehicle that is within 1,000 feet of a demonstration in a public place). She also visits certain Property weekly without the express consent of the Property owner or owner's agent to carry a handgun, including her local grocery store, drug store, and gas stations. Mrs. Kipke lawfully carries a handgun in each of the aforementioned places that Maryland does not currently prohibit ordinary, law-abiding Maryland citizens with a carry permit from carrying a handgun. She will continue to do so until Senate Bill 1 takes effect.

41.    But for the enactment and credible threat of Defendants' enforcement of Maryland's ban on carrying handguns outside the home in these locations, Mrs. Kipke would carry or continue to carry a handgun in each of these locations.

42.    Plaintiff MSRPA has at least one member who could and would, but for the challenged Maryland laws restricting ordinary, law-abiding carry permit holders' ability to carry

a handgun for self-defense outside the home, exercise their right to carry a handgun for self-defense in unconstitutionally restricted locations including the following: a state park, a state forest, a state highway rest area, a transit facility or transit vehicle owned or controlled by the Maryland Transit Administration, public school property (but not in the school buildings themselves), the grounds of a preschool or prekindergarten facility and on the grounds of a private primary and secondary school (but not in the school buildings themselves), on the property and/or grounds under the jurisdiction of the Department of General Services, on the grounds of a facility under the jurisdiction of the Maryland Racing Commission, the Camden Yards Sports Complex, a healthcare facility, a building owned or leased by a unit of state or local government, property operated as a museum by the Department of Planning or a unit within the Department of Planning, a location licensed to sell or dispense alcohol or cannabis for on-site consumption, a stadium, a museum, an amusement park, a racetrack, a video lottery facility, on Property without the express consent of the Property owner or owner's agent, and at a demonstration in a public place (and/or in a vehicle that is within 1,000 feet of a demonstration in a public place).

43.    But for the enactment and credible threat of Defendants' enforcement of Maryland's ban on carrying handguns outside the home in these locations, at least one of MSRPA's members would carry or continue to carry a handgun in each of these locations.

**The Carry Permit Requirements Will Compel the Speech of Mrs. Kipke and MSRPA's Members**

44.    Mrs. Kipke owns or leases property and wishes to allow individuals to possess firearms on that property without posting clear and conspicuous signage indicating that the carrying of firearms on her property is permitted (or otherwise providing express permission to individuals specifically or the public generally). But for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, Mrs. Kipke could and would allow

individuals to possess firearms on her property without posting clear and conspicuous signage indicating that the carrying of firearms is permitted on her property (or otherwise providing express permission to individuals specifically or the public generally).

45.     Plaintiff MSRPA has at least one member who owns or leases property and wishes to allow individuals to possess firearms on their property without posting clear and conspicuous signage indicating that the carrying of handguns on their property is permitted on their property (or otherwise providing express permission to individuals specifically or the public generally). But for the reasonable fear of prosecution for violation of the challenged Carry Permit Requirements, MSRPA members could and would allow individuals to possess firearms on their property without posting clear and conspicuous signage indicating that the carrying of handguns is permitted on that property (or otherwise providing express permission to individuals specifically or the public generally).

**The Carry Permit Requirements Will Deter At Least One of MSRPA's Members from Obtaining or Renewing a Carry Permit**

46.     Plaintiff MSRPA has at least one member who possesses all of the qualifications necessary to apply for and obtain a carry permit and who will be deterred from completing an application for a carry permit because of the expense, inconvenience, and other impermissible burdens of the application process and its constituent parts, as well as the restrictions on carry permit holders. But for Defendants' continued enforcement of the challenged Carry Permit Requirements, that member would forthwith complete an application for a carry permit.

**COUNT ONE**

**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights Under U.S. Const. amends. II and XIV**

47.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

48.     Plaintiffs, including Mrs. Kipke and MSRPA's ordinary, law-abiding members, are included in "the people" whose rights are protected by the Second Amendment.

49.     Maryland's objective and subjective requirements to obtain a carry permit burden conduct protected by the plain text of the Second Amendment and are not consistent with this Nation's historical tradition of firearm regulation.

50.     The Carry Permit Requirements burden conduct protected by the plain text of the Second Amendment. Plaintiffs' challenge Maryland's prohibitions on ordinary, law-abiding Maryland citizens with a carry permit from carrying a handgun for self-defense into or at:

    a.     A state park,

    b.     A state forest,

    c.     A state highway rest area,

    d.     A transit facility or transit vehicle owned or controlled by the Maryland Transit Administration,

    e.     Public school property (but not in the school buildings themselves),

    f.     The grounds of a preschool or prekindergarten facility and on the grounds of a private primary and secondary school (but not in the school buildings themselves),

    g.     The property and/or grounds under the jurisdiction of the Department of General Services,

    h.     Property operated as a museum by the Department of Planning or a unit within the Department of Planning,

i.      The grounds of a facility under the jurisdiction of the Maryland Racing Commission,

j.      The Camden Yards Sports Complex,

k.      A healthcare facility,

l.      A building owned or leased by a unit of state or local government,

m.      A location licensed to sell or dispense alcohol or cannabis for on-site consumption,

n.      A stadium,

o.      A museum,

p.      An amusement park,

q.      A racetrack,

r.      A video lottery facility,

s.       On private Property (but not a "Dwelling") without the express consent of the Property owner or owner's agent, and

t.      A demonstration in a public place (and/or in a vehicle that is within 1,000 feet of a demonstration in a public place).

51.     The Carry Permit Requirements are not consistent with this Nation's historical tradition of firearm regulation, unnecessarily and unreasonably burden the exercise of the right, and are unconstitutional.

52.     Maryland's prohibition on the carry of handguns for self-defense on all private Property—even Property otherwise open to the public—without express consent of the owner or its agent is a patent violation of the Second Amendment. There is no historical evidence that supports a default rule predicating the exercise of a fundamental constitutional right on a third

party's consent. Whether a Property owner or its agent may constitutionally restrict the permitted carry of a handgun by posting a sign prohibiting the carry of arms on the Property is a separate issue and not subject to this challenge

53.     By infringing the right to bear arms outside the home in these ways, the Maryland laws and regulations discussed in the foregoing allegations violate the Second Amendment, which applies to Defendants by operation of the Fourteenth Amendment, both facially and as applied to Mrs. Kipke and members of MSRPA, and they are therefore invalid and unenforceable.

**COUNT TWO**

**42 U.S.C. § 1983 Action for Deprivation of
Plaintiffs' Rights Under U.S. Const. amends. I and XIV**

54.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

55.     Maryland impermissibly compels the speech of property owners and lessees, including Mrs. Kipke and MSRPA's members, because it requires property owners and lessees to state one way or the other whether they will permit the public carriage of firearms by requiring them to post (or not post) on their property a "a clear and conspicuous sign indicating that it is permissible to wear, carry, or transport a firearm on the property" (or otherwise giving express consent to each individual person who desires to carry a firearm on their property).

56.     By compelling certain speech, the challenged sections of the Carry Permit Requirements, as set forth above violate the First Amendment, which applies to Defendants by operation of the Fourteenth Amendment, both facially and as applied to Mrs. Kipke and members of MSRPA, and they are therefore invalid and unenforceable.

**COUNT THREE**

**42 U.S.C. § 1983 Action for Deprivation of
Plaintiffs' Rights Under U.S. Const. amends. II and XIV (Due Process Clause)**

57.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

58.     To be eligible for a carry permit, an applicant must satisfy subjective criteria: that Defendant Butler determines, after conducting an investigation, that the applicant has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another. Maryland law does not define or limit what these criteria mean. Nor does Maryland law provide guidance to Defendant Butler for making these determinations, or set out the scope or requirements of, or limitations on, the required investigation.

59.     Maryland law does not contain minimal guidelines as to who "has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another." Maryland law does not provide explicit standards for those who apply these terms to avoid arbitrary and discriminatory application.

60.     The term "has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another" is impermissibly vague as it offers a person no guidance as to what behavior would render that person subjectively unfit to exercise a fundamental constitutional right. It therefore violates the due process clause of the Fourteenth Amendment and is void for vagueness—both as applied to members of MSRPA, and on its face.

61.     Maryland's subjective criteria to obtain a carry permit are not only impermissibly vague, they also impermissibly empower state officials with discretion that burdens conduct protected by the plain text of the Second Amendment and are not consistent with this Nation's

historical tradition of firearm regulation. They therefore violate the Second Amendment, both

facially and as applied to members of MSRPA, and they are therefore invalid and unenforceable.

## COUNT FOUR

**42 U.S.C. § 1983 Action for Deprivation of**
**Plaintiffs' Rights Under U.S. Const. amend. XIV (Equal Protection Clause)**

62.      Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

63.      Maryland law exempts retired law enforcement officers from its requirements to

obtain a carry permit and its prohibitions where and how ordinary, law-abiding Maryland citizens

with a carry permit may exercise their constitutional right to bear arms for self-defense outside the

home.

64.      Mrs. Kipke and at least one member of MSRPA are not retired law enforcement

officers.

65.      Retired law enforcement officers and ordinary, law-abiding Maryland citizens with

a carry permit, like Mrs. Kipke and at least one member of MSRPA, are similarly situated insofar

as they are both civilians and classes of State residents who, absent Senate Bill 1 and Md. Code

Ann., Pub. Safety §§ 5-304(b), 306(b)(1), would generally have the right to carry firearms for

self-defense outside the home. There is no constitutionally sufficient rationale that would justify

this distinction.

66.      The retired law enforcement officer exception is a classification affecting Second

Amendment rights, and Second Amendment rights are fundamental rights.

67.      Because Maryland law draws distinctions that fail any applicable level of scrutiny,

it violates the Equal Protection Clause of the Fourteenth Amendment both facially and as applied.

68.      Maryland law violates the equal protection rights of Plaintiffs, and it is therefore

facially unconstitutional, void, and invalid.

**PRAYER FOR RELIEF**

69.     WHEREFORE, Plaintiffs Susannah Warner Kipke and MSRPA pray for an order and judgment:

70.     Declaring that the challenged sections of the Carry Permit Requirements, as set forth above, both on their face and as applied by Defendants, violate the First, Second, and Fourteenth Amendments of United States Constitution in violation of 42 U.S.C. § 1983;

71.     Enjoining, both temporarily and permanently, Defendants and their employees and agents from enforcing the challenged sections of the Carry Permit Requirements, as set forth above;

72.     Awarding Plaintiffs Mrs. Kipke and MSRPA their reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988;

73.     Awarding Plaintiffs Mrs. Kipke and MSRPA nominal and compensatory damages pursuant to 18 U.S.C. § 1983; and

74.     Granting such other and further relief as this Court deems just and proper.

Dated: May 16, 2023                    Respectfully submitted,

                                       /s/ *John Parker Sweeney*
                                       John Parker Sweeney (Bar No. 08761)
                                       James W. Porter, III (Bar No. 19416)
                                       Marc A. Nardone (Bar No. 18811)
                                       Connor M. Blair (Bar No. 20985)
                                       Bradley Arant Boult Cummings LLP
                                       1615 L Street N.W., Suite 1350
                                       Washington, D.C. 20036
                                       Phone: 202-393-7150
                                       Facsimile: 202-347-1684
                                       jsweeney@bradley.com

                                       Counsel for Plaintiffs