IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUSANNAH WARNER KIPKE, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | *   No. 1:23-cv-01293-GLR |
| | * |
| WES MOORE, *et al.*, | |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | |
|---|---|
| KATHERINE NOVOTNY, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | *   No. 1:23-cv-01295-GLR |
| | * |
| WESLEY MOORE, *et al.*, | |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MOTION TO CONSOLIDATE**

Defendants in *Kipke v. Moore*, No. 1:23-cv-01293-GLR (the "*Kipke* Lawsuit") and *Novotny v. Moore*, No. 1:23-cv-01295-GLR (the "*Novotny* Lawsuit"), hereby move to consolidate the lawsuits under Federal Rule of Civil Procedure 42.[1]

---

[1] Prior to filing this motion, defendants sought the consent of plaintiffs to consolidation. Plaintiffs in the *Kipke* Lawsuit stated that they take no position on consolidation. Plaintiffs in the *Novotny* Lawsuit stated that they oppose consolidation.

1. Both the *Kipke* Lawsuit and the *Novotny* Lawsuit assert Second Amendment challenges to aspects of Maryland's laws and regulations governing the rights of gun owners to wear and carry firearms.

2. Specifically, plaintiffs in both cases allege that Maryland's restrictions on carrying firearms in certain sensitive places are unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

3. Although there are some differences in the claims and the scope of the relief sought by the two lawsuits, there is significant overlap in the questions of law raised by the cases.

4. For example, both cases challenge the State's restriction on carrying firearms in hospitals and health care facilities, museums, public establishments serving alcohol, State parks, and public transit facilities. *Kipke* Lawsuit, ECF 1 ¶ 50; *Novotny* Lawsuit, ECF 1 ¶¶ 48-49, 53, 56.

5. Both lawsuits also challenge the State's prohibition on carrying a gun on private property without the consent of the owner. *Kipke* Lawsuit, ECF 1 ¶ 52; *Novotny* Lawsuit ECF 1 ¶ 50.

6. Rule 42 empowers this Court to consolidate actions when "common question[s] of law or fact" are involved. Fed. R. Civ. P. 42(a)(2).

7. Judicial economy favors consolidation, particularly where "there is substantial overlap" between two related lawsuits. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996).

8. Relevant considerations for this Court that would "clearly meet this standard" include whether the claims are "brought against the same defendant, rely[] on the same witnesses, alleg[e] the same misconduct, and answer[] with the same defenses." *Harris v. L&L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997).

9. Here, the *Kipke* Lawsuit and the *Novotny* Lawsuit should be consolidated because they involve common questions of law, involve the same defendant (effectively, the State), and the same defenses.

10. Both lawsuits assert constitutional challenges to Maryland's laws governing the carrying of firearms.

11. Governor Moore and Col. Butler are defendants in both lawsuits. Although the *Novotny* Lawsuit names additional State defendants, that has no bearing on the case because all defendants in both lawsuits are sued in their official capacity, meaning the State is the effective defendant in both cases. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

12. Consolidation will not prejudice any party because it would eliminate the possibility of inconsistent findings related to the constitutionality of the State's regulation of firearms.

13. Moreover, consolidation would allow this Court to weigh Maryland's framework in a comprehensive manner and a consolidated briefing schedule would allow these matters to be jointly decided.

14. It would promote judicial economy to have these constitutional challenges heard and ruled upon together, particularly in light of the impact such a ruling could have on the rights of all Marylanders, and the State's regulation and enforcement authority.

WHEREFORE, for the reasons stated herein, defendants respectfully request that the *Kipke* Lawsuit and the *Novotny* Lawsuit be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ James N. Lewis

_____
ROBERT A. SCOTT
Federal Bar No. 24613
RYAN R. DIETRICH
Federal Bar No. 27945
JAMES N. LEWIS
Federal Bar No. 30220
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
jlewis@oag.state.md.us
(410) 576-7005
(410) 576-6955 (facsimile)

May 31, 2023                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 31st day of May, 2023 the foregoing was served, along with a proposed order, by CM/ECF on all registered CM/ECF users entitled to service.

/s/ James N. Lewis
_____
James N. Lewis