IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSANNAH WARNER KIPKE, ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | No. 1:23-cv-01293-GLR |
| | * | |
| WES MOORE, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO COMPLAINT**

Defendants Governor Westley Moore and Col. Roland L. Butler, Jr., sued in their official capacities, through counsel, hereby answer the complaint filed against them by plaintiffs as follows:

1. The United States Constitution and the decisions of the United States Supreme Court described in paragraph 1 of the complaint speak for themselves. To the extent the allegations in paragraph 1 of the complaint differ from the United States Constitution and the decisions of the United States Supreme Court described therein, the allegations are denied.

2. The decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") speaks for itself. To the extent the allegations in paragraph 2 of the complaint differ from *Bruen*, the allegations are denied.

3. The decision of the Appellate Court of Maryland described paragraph 3 of the complaint speaks for itself. To the extent the allegations in paragraph 3 of the complaint differ from the court decision described therein, the allegations are denied.

4. Defendants admit that the Maryland legislature enacted Senate Bill 1 and House Bill 824, which take effect October 1, 2023. Defendants deny the remaining allegations in paragraph 4 of the complaint.

5. The allegations contained in paragraph 5 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations contained in paragraph 6 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations contained in paragraph 7 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations contained in paragraph 8 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 9 of the complaint, and therefore the allegations are denied.

10. Defendants admit that plaintiff Kipke holds a Maryland carry permit. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 10 of the complaint, and therefore the allegations are denied.

11. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 11 of the complaint, and therefore the allegations are denied.

12. The allegations contained in paragraph 12 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. Defendants are without knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 13 of the complaint, and therefore the allegations are denied. The remaining allegations contained in paragraph 13 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 14 of the complaint, and therefore the allegations are denied.

15. The allegations contained in paragraph 15 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16.     Defendants are without knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 16 of the complaint, and therefore the allegations are denied.  The remaining allegations contained in paragraph 16 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations contained in paragraph 17 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

18.     Defendants are without knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 18 of the complaint, and therefore the allegations are denied.  The remaining allegations contained in paragraph 18 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

19.     The allegations contained in paragraph 19 of the complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

20.     Defendants admit the allegations in the first sentence of paragraph 20 of the complaint, and further admit that Governor Moore is the head of the executive branch of Maryland State government.  The remaining allegations contained in paragraph 20 of the complaint are legal conclusions to which no response is required.

21. Defendants admit the allegations in the first sentence of paragraph 21 of the complaint. The remaining allegations contained in paragraph 21 of the complaint are legal conclusions to which no response is required.

22. The Maryland statutes described in paragraph 22 of the complaint speak for themselves. To the extent the allegations in paragraph 22 of the complaint differ from the statutes described therein, the allegations are denied.

23. The Maryland statutes described in paragraph 23 of the complaint speak for themselves. To the extent the allegations in paragraph 23 of the complaint differ from the statutes described therein, the allegations are denied.

24. The Maryland statutes and regulations described in paragraph 24 of the complaint speak for themselves. To the extent the allegations in paragraph 24 of the complaint differ from the statutes and regulations described therein, the allegations are denied.

25. Senate Bill 1 speaks for itself. To the extent the allegations in paragraph 25 of the complaint differ from Senate Bill1, the allegations are denied.

26. Senate Bill 1 speaks for itself. To the extent the allegations in paragraph 26 of the complaint differ from Senate Bill 1, the allegations are denied.

27. Senate Bill 1 speaks for itself. To the extent the allegations in paragraph 27 of the complaint differ from Senate Bill 1, the allegations are denied.

28. The Maryland statute described in paragraph 28 of the complaint speaks for itself. To the extent the allegations in paragraph 28 of the complaint differ from the statute described therein, the allegations are denied.

29. Senate Bill 1 speaks for itself. To the extent the allegations in paragraph 29 of the complaint differ from the statutes described therein, the allegations are denied. Defendants deny that there is a "presumptive right" to carry on private property of others.

30. The Maryland statute described in paragraph 30 of the complaint speaks for itself. To the extent the allegations in paragraph 30 of the complaint differ from the statute described therein, the allegations are denied.

31. The Maryland statutes described in paragraph 31 of the complaint speak for themselves. To the extent the allegations in paragraph 31 of the complaint differ from the statutes described therein, the allegations are denied.

32. The Maryland statute described in paragraph 32 of the complaint speaks for itself. To the extent the allegations in paragraph 32 of the complaint differ from the statute described therein, the allegations are denied.

33. The Maryland statutes described in paragraph 33 of the complaint speak for themselves. To the extent the allegations in paragraph 33 of the complaint differ from the statutes described therein, the allegations are denied.

34. The Maryland statutes described in paragraph 34 of the complaint speak for themselves. To the extent the allegations in paragraph 34 of the complaint differ from the statutes described therein, the allegations are denied. Defendants deny the last sentence of paragraph 34 of the complaint.

35. The Maryland statute described in paragraph 35 of the complaint speaks for itself. To the extent the allegations in paragraph 35 of the complaint differ from the statute described therein, the allegations are denied.

36. The Maryland statute described in paragraph 36 of the complaint speaks for itself. To the extent the allegations in paragraph 36 of the complaint differ from the statute described therein, the allegations are denied. The allegations in last sentence of paragraph 36 of the complaint are legal conclusions to which no response is required.

37. The Maryland statutes described in paragraph 37 of the complaint speak for themselves. To the extent the allegations in paragraph 37 of the complaint differ from the statutes described therein, the allegations are denied.

38. The Maryland statutes described in paragraph 38 of the complaint speak for themselves. To the extent the allegations in paragraph 38 of the complaint differ from the statutes described therein, the allegations are denied. The allegations in the first sentence of paragraph 38 of the complaint are legal conclusions to which no response is required.

39. Defendants deny the allegations in paragraph 39 of the complaint.

40. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 40 of the complaint, and therefore the allegations are denied.

41. The allegations contained in paragraph 41 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations contained in paragraph 42 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations contained in paragraph 43 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44. Defendants are without knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 44 of the complaint, and therefore the allegations are denied. The remaining allegations contained in paragraph 44 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. Defendants are without knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 45 of the complaint, and therefore the allegations are denied. The remaining allegations contained in paragraph 45 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46. The allegations contained in paragraph 46 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint.

48. The allegations contained in paragraph 48 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Denied.

50. The allegations contained in paragraph 50 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint.

55. Denied.

56. Denied

57. Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint.

58. The allegations contained in paragraph 58 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. The allegations contained in paragraph 59 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. Denied.

61. Denied.

62. Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint.

63. The Maryland law described in paragraph 63 of the complaint speak for themselves. To the extent the allegations in paragraph 63 of the complaint differ from the statutes described therein, the allegations are denied.

64. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 64 of the complaint, and therefore the allegations are denied.

65. The allegations contained in paragraph 65 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

66. The allegations contained in paragraph 66 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67. Denied.

68. Denied.

69. Paragraph 69 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 69 is denied.

70. Paragraph 70 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 70 is denied.

71. Paragraph 71 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 71 is denied.

72. Paragraph 72 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 72 is denied.

73. Paragraph 73 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 73 is denied.

74. Paragraph 74 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 74 is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by sovereign immunity.

WHEREFORE, having fully answered plaintiffs' complaint, defendants respectfully request that the Court deny the plaintiffs' relief requested in the complaint, enter judgment in favor of the defendants and against the plaintiffs, award the defendants their costs and attorney fees incurred in defending this action, and grant such further relief as this Court may deem just and appropriate.

                                      Respectfully submitted,

                                      ANTHONY G. BROWN
                                      Attorney General of Maryland

                                      /s/ Robert A. Scott
                                      _____
                                      ROBERT A. SCOTT
                                      Federal Bar No. 24613
                                      RYAN R. DIETRICH
                                      Federal Bar No. 27945
                                      JAMES N. LEWIS
                                      Federal Bar No. 30220
                                      Assistant Attorneys General
                                      Office of the Attorney General
                                      200 Saint Paul Place, 20th Floor
                                      Baltimore, Maryland  21202
                                      rscott@oag.state.md.us
                                      (410) 576-7055
                                      (410) 576-6955 (facsimile)

June 30, 2023                           Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I certify that, on this 30th day of June, 2023 the foregoing was served by CM/ECF on all registered CMF users.

                                  /s/ Robert A. Scott
                                  _____
                                  Robert A. Scott