UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

July 13, 2023

MEMORANDUM TO COUNSEL RE:   Kipke, et al., v. Wes Moore, et al.,
Civil Action No. GLR-23-1293;
Novotny, et al., v. Wes Moore, et al.,
Civil Action No. GLR-23-1295

Dear Counsel:

Pending before the Court is Defendants Governor Wesley Moore, Alison M. Healey, Scott D. Shellenberger, Ivan J. Bates, Col. Roland L. Butler Jr., Paul J. Wiedefeld, and Joshua Kurtz's Motion for Consolidation. (GLR-23-1293, ECF No. 8; GLR-23-1295, ECF No. 30). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

Senate Bill 1 ("SB1") prohibits, with specified exceptions, a person from wearing, carrying, or transporting a firearm in specified areas. Criminal Law – Wearing, Carrying, or Transporting Firearms – Restrictions (Gun Safety Act of 2023) Senate Bill 1. Further, SB1 prohibits a person from wearing, carrying, or transporting a firearm into the dwelling of another or onto real property and it establishes penalties for violations. Id. SB1 becomes effective on October 1, 2023.

Two separate lawsuits challenge the constitutionality of SB1 and seek preliminary injunctive relief. See Kipke, et al., v. Wes Moore, et al., No. GLR-23-cv-1293; Novotny, et al., v. Wes Moore, et al., No. GLR-23-cv-1295. Novotny and Kipke were both filed on May 16, 2023. In the Kipke Complaint, the Plaintiffs allege: violations of the Second and Fourteenth Amendments in that SB1 prohibits Maryland citizens with a carry permit from carrying a handgun for self-defense in specific areas under U.S.C. § 1983 (Count I); a violation of the First and Fourteenth Amendment under 42 U.S.C. § 1983 for compelling the speech of property owners and lessees (Count II); a violation of the Second and Fourteenth Amendment under 42 U.S.C. § 1983 and the Due Process Clause for prohibiting possession of a handgun to a person who has "exhibited a propensity of violence", as void for vagueness (Count III); and a violation of the Fourteenth Amendment Equal Protection Clause under 42 U.S.C. § 1983 which exempts retired law enforcement officers from its requirement to obtain a carry permit (Count IV). (Kipke Compl. ¶¶ 47–68, ECF No. 1).

In the Novotny Complaint, the Plaintiffs allege: a violation of the Second Amendment for restricting the right to armed self-defense (Count I); a violation of the Second Amendment for banning possession and transportation of firearms in and at mass transit facilities (Count II); and a violation of the Second Amendment for banning possession and transportation of firearms in and

at State parks and forests, and in State Chesapeake forest lands (Count III). (Novotny Compl. ¶¶ 45–56, ECF No. 1).

On May 31, 2023, Defendants filed the instant Motion to Consolidate Cases. (Defs.' Mot. Consolidate ["Defs.' Mot"], ECF Nos. 8, 30). On June 1, 2023, Novotny Plaintiffs filed an Opposition to the Defendants' Motion to Consolidate. (Pls.' Opp'n Mot. Consolidate ["Opp'n], ECF No. 31). Defendants filed a Reply on June 9, 2023. (Defs.' Reply, ECF No. 34).

The Defendants' Motion is governed by Federal Rule of Civil Procedure Rule 42(a)(2), which grants the Court discretion to consolidate actions involving common questions of law or fact. Fed.R.Civ.P. 42(a)(2). The Court "should weigh 'the interests of judicial convenience in consolidating the cases against delay, confusion, and prejudice consolidation might cause' to the parties." Aura Light US Inc. v. LTF International LLC, No. GLR-15-3198, 2016 WL 11481746, at *1 (D.Md. Apr. 25, 2016). Proper application of Rule 42(a) requires a district court to determine whether the specific risks of prejudice and confusion from consolidation are overborne by the risk of (1) inconsistent adjudications, (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, (3) the length of time required to conclude multiple suits as against a single one, (4) and the relative expense to all concerned of the single-trial, multiple-trial alternatives. Campbell v. Boston Sci. Corp. 882 F.3d 70, 74 (4th Cir. 2018).

In the Motion, Defendants contend that consolidation is warranted because all the claims in Novotny are also in the Kipke Complaint. (Defs.' Mot. at 3). Defendants claim that there is no reason that consolidation would prevent the Novotny Plaintiffs' Motion for Preliminary Injunction from being granted before SB1 goes into effect on October 1, 2023. (Id. at 4). The comprehensive resolution of the two lawsuits, which challenge the constitutionality of the same Maryland law, would serve judicial economy. (Id. at 5).

In the Novotny Plaintiffs' Opposition to Defendants' Motion to Consolidate, they counter that the Second Amendment claims in Kipke are numerous and broad, so to that discovery would differ in each case. (Opp'n at 3). Kipke challenges the actions and policies of multiple government agencies which are not at issue in Novotny. (Id). Novotny Plaintiffs further claim that the many and varied constitutional claims presented in the Kipke Complaint present complexities that may cause delay. (Id. at 9).

At bottom, the Court agrees with the Defendants. First, the parties and the assigned U.S. District Court Judge are identical. Second, the actions involve common questions of law, namely whether SB1 is constitutional. Third, the actions involve common issues of fact as they arise out of the restrictions on handguns in locations identified in SB1. Accordingly, consolidation would serve the interest of judicial convenience and economy and promote a speedy resolution.

Here, although Kipke raises claims against different Defendants than Novotny, this is not a reason to deny consolidation. Complete identity of the same parties is not required where there are common question of law or fact. See Progress Solar Sols. v. Fire Prot., Inc., 2020 WL 5732621. at *3 (E.D.N.C. Sept. 24, 2020). Although both lawsuits name additional State Defendants, all Defendants in both lawsuits are sued in their official capacity, meaning that the State is the effective Defendant in both cases. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71

(1989) (holding that a suit against a state official in his official capacity is a suit against the official's office, not the individual).

Further, consolidation promotes judicial economy. Consolidation of similar cases allows judges to conscientiously resolve other pending cases, and a reduction in demand for judicial resources, such as jurors, benefits the community. Campbell, 882 F.3d 76. Further, the complete overlap of claims raised in Novotny that are asserted in Kipke will allow for a comprehensive resolution. While the Court notes that the Novotny Plaintiffs cite concerns for delayed rulings, they have not explained why consolidation is likely to cause delay. Both cases were filed on the same day and Plaintiffs in both cases have moved for preliminary injunctive relief. Additionally, the parties will benefit from decreased litigation costs. Accordingly, the Novotny Plaintiffs have failed to show that consolidation prejudices them and the Court concludes that consolidation is appropriate.

For the foregoing reasons, Defendants' Motion for Consolidation (ECF Nos. 8, 30) is GRANTED. The Clerk is directed to CONSOLIDATE these cases, with Kipke as the lead case. Further, because the Novotny Motion for Preliminary Injunction is already fully briefed, the Court adopts the following briefing schedule for the Kipke Motion for Preliminary Injunction:

    Defendants' Opposition:    July 28, 2023
    Plaintiffs' Reply:    August 11, 2023[1]

As for the Kipke Cross Motions for Summary Judgment, the briefing shall proceed as follows:

    Defendants' Opposition/Cross-Motion:    July 28, 2023
    Plaintiffs' Reply/Opposition:    August 18, 2023
    Defendants' Reply:    September 8, 2023

Accordingly, the Joint Motion to Extend Time (GLR-23-1293, ECF No. 10) is DENIED AS MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/
    George L. Russell, III
    United States District Judge

---

[1] The Court has advanced this deadline by one week. The parties' original request was for August 18, 2023.