**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SUSANNAH WARNER KIPKE, ET AL., | * |
| *Plaintiffs*, | * |
| v. | *  No. 1:23-cv-01293-GLR |
| | * |
| WES MOORE, ET AL., | * |
| *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO NOVOTNY COMPLAINT**

Defendants Governor Wesley Moore, Secretary of the Maryland State Police Col. Roland L. Butler, Jr., Harford County State's Attorney Alison M. Healey, Baltimore County State's Attorney Scott Shellenberger, Baltimore City State's Attorney Ivan J. Bates, Maryland Secretary of Natural Resources Joshua Kurtz and Maryland Secretary of Transportation Paul J. Wiedefeld, all sued in their official capacities, through counsel, hereby answer the complaint filed against them by plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation and Firearms Policy Coalition (the "Novotny Plaintiffs") as follows:

1. Defendants admit that Senate Bill 1 ("SB1") was enacted by the Maryland General Assembly and signed into law by Governor Moore on May 16, 2023. SB1 speaks for itself. To the extent the allegations in paragraph 1 of the complaint differ from SB 1, they are denied. Defendants deny the allegations in the second sentence of paragraph 1 of the complaint.

2. Maryland law speaks for itself. To the extent the allegations in paragraph 2 of the complaint differ from Maryland law, the allegations are denied.

3. Defendants admit that plaintiffs have been issued wear and carry permits by the Maryland State Police. The remaining allegations in paragraph 3 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendants admit venue is proper. The remaining allegations in paragraph 4 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Maryland law speaks for itself. To the extent the allegations in paragraph 5 of the complaint differ from Maryland law, the allegations are denied.

6. Maryland law speaks for itself. To the extent the allegations in paragraph 6 of the complaint differ from Maryland law, the allegations are denied.

7. Maryland law speaks for itself. To the extent the allegations in paragraph 7 of the complaint differ from Maryland law, the allegations are denied.

8. Maryland law speaks for itself. To the extent the allegations in paragraph 8 of the complaint differ from Maryland law, the allegations are denied.

9. Maryland law speaks for itself. To the extent the allegations in paragraph 9 of the complaint differ from Maryland law, the allegations are denied.

10. Maryland law speaks for itself. To the extent the allegations in paragraph 10 of the complaint differ from Maryland law, the allegations are denied. The allegations in

the second sentence of paragraph 10 of the complaint are legal conclusions to which no response is required.

11. The allegations in paragraph 11 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Maryland law speaks for itself. To the extent the allegations in paragraph 12 of the complaint differ from Maryland law, the allegations are denied.

13. The allegations in paragraph 13 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in paragraph 14 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15. Maryland law speaks for itself. To the extent the allegations in paragraph 15 of the complaint differ from Maryland law, the allegations are denied.

16. Maryland law speaks for itself. To the extent the allegations in paragraph 16 of the complaint differ from Maryland law, the allegations are denied.

17. Maryland law speaks for itself. To the extent the allegations in paragraph 17 of the complaint differ from Maryland law, the allegations are denied. Defendants further deny the last two sentences of paragraph 17 of the complaint as legal conclusions.

18. Maryland law speaks for itself. To the extent the allegations in paragraph 18 of the complaint differ from Maryland law, the allegations are denied.

19. Maryland law speaks for itself. To the extent the allegations in paragraph 19 of the complaint differ from Maryland law, the allegations are denied. Defendants further deny the last sentence of paragraph 19 of the complaint as it consists of legal conclusions.

20. Maryland law speaks for itself. To the extent the allegations in paragraph 20 of the complaint differ from Maryland law, the allegations are denied. Defendants further deny the penultimate sentence of paragraph 20 of the complaint as it consists of legal conclusions.

21. Maryland law speaks for itself. To the extent the allegations in paragraph 21 of the complaint differ from Maryland law, the allegations are denied. Defendants further deny the last sentence of paragraph 21 of the complaint as it consists of legal conclusions.

22. Defendants admit that plaintiff Novotny holds a Maryland carry permit. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 22 of the complaint, and therefore the allegations are denied.

23. Defendants admit that plaintiff Burke holds a Maryland carry permit. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 23 of the complaint, and therefore the allegations are denied.

24. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 24 of the complaint, and therefore the allegations are denied.

25. Defendants admit that plaintiff Rossberg holds a Maryland carry permit. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 25 of the complaint, and therefore the allegations are denied.

26. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 26 of the complaint, and therefore the allegations are denied.

27. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 27 of the complaint, and therefore the allegations are denied.

28. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 28 of the complaint, and therefore the allegations are denied.

29. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 29 of the complaint, and therefore the allegations are denied.

30. Defendants deny the first sentence of paragraph 30 of the complaint. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 30 of the complaint, and therefore the allegations are denied.

31. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 31 of the complaint, and therefore the allegations are denied.

32. Defendants deny the second sentence of paragraph 32 of the complaint. Defendants are without knowledge or information to admit or deny the remaining allegations contained in paragraph 32 of the complaint, and therefore the allegations are denied.

33. Maryland law speaks for itself. To the extent the allegations in paragraph 33 of the complaint differ from Maryland law, the allegations are denied. Defendants admit that defendant Moore is the governor of Maryland and head of the executive branch of the State. Defendants admit that defendant Healy is the State's Attorney for Harford County, that defendant Shellenberger is the State's Attorney for Baltimore County, that defendant Bates is the State's Attorney for Baltimore City, that defendant Butler is secretary of the Maryland State Police, that defendant Wiedefeld is secretary of the Maryland Department of Transportation and that Defendant Kurz is secretary of the Maryland Department of Natural Resources. The remaining allegations contained in paragraph 33 of the complaint are legal conclusions to which no response is required.

34. The Second Amendment and the court decisions described in paragraph 34 of the complaint law speak for themselves. To the extent the allegations in paragraph 34 of the complaint differ from the Second Amendment or the court decisions described in paragraph 34, the allegations are denied.

35. The Second Amendment and the decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") speak for themselves. To the extent the allegations in paragraph 35 of the complaint differ from the Second Amendment or *Bruen*, the allegations are denied.

36. *Bruen* speaks for itself. To the extent the allegations in paragraph 36 of the complaint differ from *Bruen*, the allegations are denied.

37. *Bruen* speaks for itself. To the extent the allegations in paragraph 37 of the complaint differ from *Bruen*, the allegations are denied.

38. *Bruen* speaks for itself. To the extent the allegations in paragraph 38 of the complaint differ from *Bruen*, the allegations are denied.

39. *Bruen* speaks for itself. To the extent the allegations in paragraph 39 of the complaint differ from *Bruen*, the allegations are denied.

40. *Bruen* speaks for itself. To the extent the allegations in paragraph 40 of the complaint differ from *Bruen*, the allegations are denied.

41. *Bruen* speaks for itself. To the extent the allegations in paragraph 41 of the complaint differ from *Bruen*, the allegations are denied.

42. *Bruen* speaks for itself. To the extent the allegations in paragraph 42 of the complaint differ from *Bruen*, the allegations are denied.

43. *Bruen* speaks for itself. To the extent the allegations in paragraph 43 of the complaint differ from *Bruen*, the allegations are denied.

44. The allegations contained in paragraph 44 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I

45. Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint. The remaining allegations contained in paragraph 45 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46. The Second Amendment and the court decisions described in paragraph 46 of the complaint law speak for themselves. To the extent the allegations in paragraph 46 of the complaint differ from the Second Amendment or the court decisions described in paragraph 46, the allegations are denied.

47. The United States Constitution and the court decisions described in paragraph 47 of the complaint law speak for themselves. To the extent the allegations in paragraph 47 of the complaint differ from the United States Constitution or the court decisions described in paragraph 47, the allegations are denied.

48. The allegations contained in paragraph 48 of the complaint are denied.

49. The allegations contained in paragraph 49 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations contained in the first two sentences of paragraph 50 of the complaint are denied. The remaining allegations contained in paragraph 50 of the

complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51.   The allegations contained in the first sentence of paragraph 51 of the complaint are denied. The remaining allegations contained in paragraph 51 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

52.   Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint. The remaining allegations contained in paragraph 52 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

53.   The allegations contained in paragraph 53 of the complaint are denied.

54.   The allegations contained in the first sentence of paragraph 54 of the complaint are denied. The remaining allegations contained in paragraph 54 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

55.   Defendants incorporate by reference herein their responses to the preceding paragraphs of the complaint. The remaining allegations contained in paragraph 55 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56.   The allegations contained in paragraph 56 of the complaint are denied.

57. The allegations contained in the first sentence of paragraph 57 of the complaint are denied. The remaining allegations contained in paragraph 57 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by sovereign immunity.

WHEREFORE, having fully answered plaintiffs' complaint, defendants respectfully request that the Court deny the relief requested in the complaint, enter judgment in favor of the defendants and against the plaintiffs, award the defendants their costs and attorney fees incurred in defending this action, and grant such further relief as this Court may deem just and appropriate.

        Respectfully submitted,

        ANTHONY G. BROWN
        Attorney General of Maryland


        /s/ Robert A. Scott

        _____

        ROBERT A. SCOTT
        Federal Bar No. 24613
        Assistant Attorney General
        Office of the Attorney General
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland  21202
        rscott@oag.state.md.us
        (410) 576-7055
        (410) 576-6955 (facsimile)

October 12, 2023        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 12th day of October, 2023 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Robert A. Scott
_____
Robert A. Scott