IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATHERINE NOVOTNY, *et al.*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>WESLEY MOORE, in his official capacity as Governor of Maryland, *et al.*,<br><br>        *Defendants*. | No. 1:23-cv-1293 GLR (L)<br>No. 1:23-cv-1295 GLR |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

    Plaintiffs respectfully provide notice of supplemental authority related to this Court's consideration of the parties' cross-motions for summary judgment. On December 1, 2023, the Northern District of West Virginia issued the attached opinion in *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 1:22-cv-80, 2023 WL 8361745 (N.D.W.V. Dec. 1, 2023). This opinion is relevant to the issues before the Court for three reasons. First, the *Brown* court, applying the framework from *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), looked to the Founding era when analyzing age restrictions on the right to keep and bear arms and rejected the government's 19th and 20th century analogues as unpersuasive. *See Brown*, 2023 WL 8361745, at *10–13.

    Second, following the lead of the Fourth Circuit's recent decision in *Maryland Shall Issue v. Moore*, Nos. 21-2017 & 21-2053, --- F.4th ----, 2023 WL 8043827 at *8 (4th Cir. Nov. 21, 2023), the court cited approvingly *Hirschfeld v. ATF*, 5 F.4th 407 (4th Cir. 2021), which Plaintiffs cite,

*see* Reply Br. at 11, Doc. 38, as confirming that the Founding era is the critical period for assessing the Second Amendment's historical meaning. *Brown*, 2023 WL 8361745, at *8, 10, 11, 14 & n.10.

Third, the court rejected the government's reliance on *National Rifle Association v. Bondi*, 61 F.4th 1317 (11th Cir. 2023), *rehearing en banc granted, panel decision vacated,* 72 F.4th 1346 (11th Cir. 2023) (en banc), and on State laws enacted "between the years of 1856 and 1993." *Brown*, 2023 WL 8361745, at *12–14. The court noted that the panel decision in *Bondi* was "no longer 'authority'" after being vacated on rehearing en banc and ruled that the late 19th century and early 20th century historical material cited by the government was not persuasive. *Id.* at *14. *Brown* adheres closely to the Fourth Circuit's framework in *Maryland Shall Issue* and supports Plaintiffs' positions in this case. In particular, the decision bolsters Plaintiffs' argument that *Bondi*'s adoption of late 19th century and early 20th century historical analogues has been overtaken by subsequent developments, including the Fourth Circuit's decision in *Maryland Shall Issue* and the grant of rehearing en banc in *Bondi*.

Dated: December 5, 2023

/s/ Mark W. Pennak
Mark W. Pennak (Bar ID # 21033)
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
Tel: (301) 873-3671
mpennak@marylandshallissue.org

*Attorney for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation, and Firearms Policy Coalition*

Matthew Larosiere*
THE LAW OFFICE OF MATTHEW LAROSIERE

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment*

6964 Houlton Circle  
Lake Worth, FL 33467  
Tel: (561) 452-7575  
larosieremm@gmail.com  
*Admitted *pro hac vice*

*Foundation, and Firearms Policy Coalition*

*Attorney for Plaintiff Maryland Shall Issue, Inc.*

## CERTIFICATE OF SERVICE

Counsel certifies that the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 5th day of December, 2023.

Respectfully submitted,

/s/ Mark W. Pennak  
Mark W. Pennak