IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATHERINE NOVOTNY, *et al.*,<br><br>    *Plaintiffs*,<br><br> v.<br><br>WESLEY MOORE, in his official capacity as Governor of Maryland, *et al.*,<br><br>    *Defendants.* | No. 1:23-cv-1293 GLR **(L)**<br>No. 1:23-cv-1295 GLR |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit the following response to Defendants' Notice of Supplemental Authority. *See* Notice, Doc. No. 45. Plaintiffs argue that the Second Circuit "rejected the notion that courts should look only to Founding-era laws and traditions." *Id.* at 1. The only authorities cited by the Second Circuit are the now-vacated Eleventh Circuit opinion in *National Rifle Association v. Bondi*, a concurrence from the Third Circuit, and two Circuit court opinions pre-dating *Bruen*. *See Antonyuk v. Chiumento*, 2023 WL 8518003, at *16 (2d Cir. Dec. 8, 2023). Plaintiffs maintain that "the scope of the protection applicable to the Federal Government and States is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791." *Bruen,* 142 S.Ct. at 2137. The paucity of relevant authority supporting the opposing view only bolsters Plaintiffs' position. The Second Circuit further erred in suggesting that a different analysis was appropriate "[b]ecause the [New York statute] is a state law." *Antonyuk,* 2023 WL 8518003*,* at *15. *Bruen* squarely holds that the Second Amendment has "the same scope" against the States as it does against the federal government and thus there can be no different test when it

1

is applied to the States. *Bruen*, 142 S. Ct. 2137. *See* Mem. in Support of Pls.' Mot. for Prelim. Inj. at 11–13, Doc. 24-1 ("MPI"); Pls.' Reply at 11–12, Doc. 38 ("P. Reply").

Defendants also note the Second Circuit's statement that "[r]easoning from historical silence is risky" because the realities faced today may be different than those in prior historical periods. Notice at 2; *Antonyuk*, 2023 WL 8518003, at *13. That is dicta, and in any event, it contradicts *Bruen*. The Supreme Court made clear that it is the government's "burden to identify an American tradition justifying" the modern restrictions. *Bruen*, 142 S. Ct. at 2138. If no analogues exist, or if the government simply fails to identify them, the Second Amendment presumptively protects Plaintiffs' ability to keep and bear arms in public. *See id.* at 2126. This Court should hew to *Bruen*'s instructions rather than speculating on the meaning of historical silence. Additionally, the Second Circuit's invocation of present-day realities injects the very interest-balancing concerns that *Bruen* rejected as irrelevant to the scope of Second Amendment rights. *See id.* at 2126–27.

Next, Defendants claim that the Second Circuit relied on the same Reconstruction-era statutes they cite to find a historical tradition of restricting carry in crowded places, or those where children are present. Notice at 2. Again, that reasoning flies in the face of *Bruen*, which found that a place does not become sensitive simply because it is crowded; that reasoning would "eviscerate" the "general right" to carry in "cities" and other places where people "congregate." *See Bruen*, 142 S. Ct. at 2134. Instead, it is vital to assess *why* the places that *Heller* and *Bruen* suggested are presumptively sensitive were in fact sensitive at the Founding. As Plaintiffs explain, the key uniting feature is that polling places, legislatures, and courthouses were protected by comprehensive, government-provided security. *See* MPI at 26–29. While Defendants note that the Second Circuit also deemed schools as a sensitive place and drew analogies from them, *Bruen*

2

stated only that courts could analogize from polling places, legislatures, and courthouses. *See Bruen*, 142 S. Ct. at 2133. And in any event, carry was only prohibited by *students* at schools through the exercise of the schools' *in loco parentis* authority. *See* P. Reply at 21–22.

The Second Circuit's opinion supports Plaintiffs' position that Maryland's State parks and forests and Chesapeake forests are not sensitive places. *See Antonyuk*, 2023 WL 8518003, at *58–59 (expressing "doubt that there is historical support for the regulation of firearms in wilderness parks, forests, and reserves"). The State parks, State forests and State Chesapeake forests at issue in this case encompass many thousands of acres and are uniformly quite rural. See MPI at 24; P. Reply at 33-34. Thus, the Second Circuit's "doubts" about such places are directly applicable here. Finally, the Second Circuit affirmed the district court's decision enjoining the presumptive ban on possession of firearms on private property. See *Antonyuk,* 2023 WL 8518003, at *80–85. That affirmance supports this Court's decision preliminarily enjoining Maryland's virtually identical presumptive ban at issue in this case.

Dated: December 14, 2023

/s/ Mark W. Pennak
Mark W. Pennak (Bar ID # 21033)
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
Tel: (301) 873-3671
mpennak@marylandshallissue.org

*Attorney for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation, and Firearms Policy Coalition*

Matthew Larosiere*
THE LAW OFFICE OF MATTHEW LAROSIERE

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment*

6964 Houlton Circle  
Lake Worth, FL 33467  
Tel: (561) 452-7575  
larosieremm@gmail.com  
*Admitted *pro hac vice*

*Foundation, and Firearms Policy Coalition*

*Attorney for Plaintiff Maryland Shall Issue, Inc.*

CERTIFICATE OF SERVICE

Counsel certifies that the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 14th day of December, 2023.

Respectfully submitted,

/s/ Mark W. Pennak
Mark W. Pennak