IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUSANNAH WARNER KIPKE, et al. ) | |
| ) | |
|     *Plaintiffs,* ) | |
| ) | |
| v. ) | No. 1:23-cv-01293-GLR |
| ) | |
| WES MOORE, in his official capacity ) | Plaintiffs' Response to Defendants' |
| as Governor of Maryland, et al. ) | Notice of Supplemental Authority |
| ) | |
|     *Defendants.* ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

Defendants' Notice of Supplemental Authority selectively highlights the sections of the Second Circuit's opinion in *Antonyuk v. Chiumento*, --- F.4th ---, 2023 WL 8518003 (2d Cir. Dec. 8, 2023), that purportedly favor their position without acknowledging either the Second Circuit's faulty reasoning in those sections, *see* Novotny Pls. Response, Doc. 46, or the Second Circuit's agreement with Plaintiffs on two key issues related to Maryland's presumptive ban on handgun carrying on private property absent express permission.

*First*, the Second Circuit rejected a similar standing challenge to the one that Defendants assert here. The State in *Antonyuk* argued in relevant part that the plaintiffs failed to establish an injury in fact from New York's provision penalizing possession of a firearm on private property when the owner of that property has not posted clear and conspicuous signage granting express permission to carry firearms onto that property (the "Signage" provision). 2023 WL 8518003, at *4, 79. The Second Circuit disagreed and held that plaintiffs had standing because their injury was the "credible threat of arrest and prosecution" they faced if they entered private property armed "without first receiving permission for armed entry, as they claim[ed] a right (and willingness) to do." *Id.* at *79.

*Second*, the Second Circuit held that the Signage provision as it applied to carrying firearms on private property open to the public was inconsistent with the Nation's historical tradition of firearm regulation. The Second Circuit rejected as not relevantly similar the unlicensed hunting statutes on which the State relied because they were "explicitly motivated by a substantially different reason (deterring unlicensed hunting) than the [Signage] regulation (preventing gun violence)." *Id.* Additionally, it held that none of the statutory analogues on which the State sought to rely "burdened Second Amendment rights in the same way" as the Signage provision. *Id.* Whereas, like here, the State's proposed analogues "created a default presumption against carriage only on private lands *not open to the public*," the Signage provision "functionally create[d] a universal default presumption against carrying firearms in public places," given that "most spaces in a community that are not private homes will be composed of private property open to the public." *Id.* Thus, the Court held that the State had failed to carry its burden under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *Id.* at *85.

To the extent the Second Circuit upheld other challenged provisions based on Reconstruction era sources or historical "outlier" requirements of a few jurisdictions or of territorial governments (*see, e.g.*, 2023 WL 8518003, at *15–16, 26 n.27, 67–68 (discussing its reliance on these sources)), its analysis is inconsistent with *Bruen*, 142 S. Ct. at 2133, 2137, 2147 n.22, 2153 & 2154–56, and thus should not persuade this Court. *See* Doc. 46.

                                                            Respectfully submitted,

                                                            /s/ *John Parker Sweeney*
                                                            John Parker Sweeney (Bar No. 08761)
                                                            James W. Porter, III (Bar No. 19416)
                                                            Marc A. Nardone (Bar No. 18811)
                                                            Connor M. Blair (Bar No. 20985)
                                                            BRADLEY ARANT BOULT CUMMINGS LLP
                                                            1615 L Street N.W., Suite 1350
                                                            Washington, D.C. 20036
                                                            Phone: 202-393-7150
                                                            Facsimile: 202-347-1684
                                                            jsweeney@bradley.com

Dated: December 15, 2023                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2023, the foregoing was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney (Bar No. 08761)