**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



December 22, 2023

<u>Via CM/ECF</u>

The Hon. Catherine M. Stavlas, Clerk of the Court
United States District Court for the District of Maryland

      RE:    Notice of Supplemental Authority, *Kipke, et al. v. Moore, et al.*, No. 1:23-cv-01293-GLR

Dear Ms. Stavlas:

    This week, the United States District Court for the Central District of California enjoined a large assortment of California's recently enacted "sensitive places" restrictions as unconstitutional under the Second Amendment. *See May, et al. v. Bonta*, No. 8:23-cv-01696-CJC-ADS (C.D. Cal. Dec. 20, 2023) (ECF No. 45), and *Carralero, et al. v. Bonta*, No. 8:23-cv-01798-CDC-ADS (C.D. Cal. Doc. 20, 2023) (ECF No. 41) (collectively, the "*May*" decision or "Slip Op."). The *May* court enjoined California's restrictions on the carrying of firearms into:

- hospitals and medical services facilities;
- public transportation;
- places where liquor is sold for on-site consumption;
- public gatherings and special events;
- playgrounds and youth centers;
- parks and athletic facilities;
- casinos, stadiums and arenas, and amusement parks;
- public libraries, zoos, and museums;
- places of worship;
- financial institutions;
- privately owned commercial establishments lacking a sign permitting carry onto the property; and
- parking eras of the sensitive locations.

(*See generally* Slip. Op.). *May* demonstrates the correct application of the required analytical framework for Second Amendment challenges, confirms that Maryland's materially indistinguishable restrictions are unconstitutional, and illustrates why this Court should grant the *Kipke* Plaintiffs' motion for summary judgment, (ECF Nos. 13, 29), and deny Defendants' motion for summary judgment, (ECF Nos. 21, 30).

    Among other things, *May* correctly holds that "[t]he most significant historical evidence comes from 1791," (Slip Op. at 12) (quotation marks omitted), such that it is incorrect to consider Reconstruction Era sources to be "equally if not more probative of the scope of the Second Amendment's right to bear arms as applied to the states," (*see* ECF No. 31 at 13–14). *May* also demonstrates that, in Maryland as in California, states cannot justify the carry bans by abstract

December 22, 2023
Page 2

analogy to restrictions in places that "exist for scientific and educational purposes," (Slip. Op. at 16–18 (discussing health care facilities)), that host "vulnerable populations," (*id*. at 35 (discussing financial institutions)), or that host some "government" function, (*id.* at 19 (discussing public transportation); *id.* at 34–35 (discussing financial institutions)). *May* also provides an additional reason why Defendants' proffered sources and analogies are not relevantly similar: The State of California, as has the State of Maryland here, failed to show historical evidence "limiting carry by a category of people that is particularly responsible and trained and whom the government has background checked." (Slip Op. at 15 (discussing hospitals); *id.* at 20 (public transportation); *id.* at 31 (libraries, zoos, and museums)).

In this case, the *Kipke* Plaintiffs challenge Maryland restrictions that are materially indistinguishable from those enjoined in *May*, including bans in: bars and restaurants; public parks; public transportation; stadiums; museums; public demonstrations; healthcare facilities; school grounds; government buildings; and private property open to the public. (*See* ECF Nos. 13, 29). For the same reasons set forth in *May*, each of those Maryland restrictions is facially unconstitutional.

For these reasons, and all other reasons set forth in their briefs, the Court should grant the *Kipke* Plaintiffs' Motion for Summary Judgment, (ECF Nos. 13, 29), and deny Defendants' Motion for Summary Judgment, (ECF Nos. 21, 30).

        Respectfully,

        */s/ John Parker Sweeney*
        John Parker Sweeney
        Counsel for the *Kipke* Plaintiffs

cc: All counsel of record (*via CM/ECF*)

Enclosure: Order Granting Plaintiffs' Motions for Preliminary Injunction [*May* Dkt. 13; *Carralero* Dkt. 6], entered in *May, et al. v. Bonta*, No. 8:23-cv-01696-CJC-ADS (C.D. Cal. Dec. 20, 2023) (ECF No. 45), and *Carralero, et al. v. Bonta*, No. 8:23-cv-01798-CDC-ADS (C.D. Cal. Doc. 20, 2023) (ECF No. 41).