IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATHERINE NOVOTNY, *et al.*,<br><br>　　　　　*Plaintiffs*,<br><br>　v.<br><br>WESLEY MOORE, in his official capacity as Governor of Maryland, *et al.*,<br><br>　　　　　*Defendants*. | No. 1:23-cv-1293 GLR (L)<br>No. 1:23-cv-1295 GLR |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully provide notice of supplemental authority related to this Court's consideration of the parties' cross-motions for summary judgment. On January 18, 2024, the United States Court of Appeals for the Third Circuit issued the attached opinion in *Lara v. Commissioner Pennsylvania State Police*, No. 21-1832, 2024 WL 189453 (3d Cir. Jan. 18, 2024).

The opinion in *Lara* explicitly held that the Second Amendment must be construed by reference to its meaning at the Founding, centering on 1791. *See id.* at *7–9. The Third Circuit reasoned that *Bruen* provided "a strong hint" as to the most probative time period "when it observed that there has been a general assumption 'that the scope of the protection applicable to the Federal Government and States [under the Bill of Rights] is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791.'" *Id.* at 7 (quoting *Bruen*, 597 U.S. at 37). The Third Circuit also stressed that the Second Amendment has the "same scope" as against

the States as against the federal government. *Id*. Citing a line of Supreme Court precedents[1] (as do Plaintiffs) that similarly look to 1791 when construing the scope of an individual right made applicable to the states, the Third Circuit held that looking to 1791 was necessary "to maintain consistency in our interpretation of constitutional provisions" and hew to the Supreme Court's instructions in *Bruen*. *Id.* at 8.

Finally, the Third Circuit expressly rejected the defendant's attempt to present only analogues post-dating the Founding. The court "part[ed] ways" with *National Rifle Ass'n v. Bondi,* 61 F.4th 1317 (11th Cir.), *reh'g en banc granted, opinion vacated*, 72 F.4th 1346 (11th Cir. 2023), holding that in cases where a court "must pick between the two timeframes . . . we believe the better choice is the founding era." *Id*. at 8 n.14. The court thus "set aside" the defendant's "catalogue of statutes from the mid-to-late nineteenth century, as each was enacted at least 50 years after the ratification of the Second Amendment." *Id.* at 8.

The decision in *Lara* is on all fours with *Hirschfeld v. ATF,* 5 F.4th 407 (4th Cir.), as amended (July 15, 2021), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 1447 (2022), a decision on which the *Lara* court expressly relied after finding the *Hirschfeld* court's analysis "instructive." 2024 WL 189453 at *6 n.12. The Third Circuit's holding in *Lara* supports Plaintiffs' position in this case that 1791 is the most probative era and is the benchmark against which later historical analogues must be measured.

Dated: January 24, 2024

Respectfully submitted,

/s/ Mark W. Pennak
Mark W. Pennak (Bar ID # 21033)
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

---

[1] *Lara*, 2024 WL 189453, at *7, citing *Ramos v. Louisiana* and *Timbs v. Indiana*, among others.

Tel: (301) 873-3671
mpennak@marylandshallissue.org

*Attorney for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation, and Firearms Policy Coalition*

Matthew Larosiere*
THE LAW OFFICE OF MATTHEW LAROSIERE
6964 Houlton Circle
Lake Worth, FL 33467
Tel: (561) 452-7575
larosieremm@gmail.com
*Admitted *pro hac vice*

*Attorney for Plaintiff Maryland Shall Issue, Inc.*

Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation, and Firearms Policy Coalition*

**CERTIFICATE OF SERVICE**

Counsel certifies that the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 5th day of December, 2023.

Respectfully submitted,

/s/ Mark W. Pennak
Mark W. Pennak