**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



April 10, 2024

<u>Via CM/ECF</u>
The Hon. Catherine M. Stavlas, Clerk of Court
United States District Court for the District of Maryland

>   **RE:**   Notice of Supplemental Authority, *Kipke, et al. v. Moore, et al.*, No. 1:23-cv-1293-GLR

Dear Ms. Stavlas,

I invite the Court's attention to the recent decision of the United States Court of Appeals for the Third Circuit denying rehearing *en banc* in *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122 (3d Cir. 2024), *pet. reh'g denied*, (3d Cir. Mar. 27, 2024), holding unconstitutional Pennsylvania's laws effectively banning 18-to-20-year-olds from publicly carrying firearms during a state of emergency. (Order attached **Exhibit A**). *Lara* rejected reliance on Reconstruction Era sources, and it confirms that Maryland's Carry Bans violate the Second Amendment. (Panel Op. attached as **Exhibit B**).

In *Lara*, the Third Circuit held that "the Second Amendment should be understood according to its public meaning in 1791," and it rejected Pennsylvania's argument "that 1868 is the correct temporal reference point." 91 F.4th at 133–34. *Lara* disagreed with the Eleventh Circuit's decision in *NRA v. Bondi*, 61 F.4th 1317 (11th Cir.), *reh'g en banc granted, opinion vacated*, 72 F.4th 1346 (11th Cir. 2023), because Bill of Rights guarantees applied against states must be "construe[d] . . . coextensively" with those guarantees as applied against the federal government, 91 F.4th at 134 n.14; *see* this Court's Memorandum Op. at 13–14, ECF No. 31, No. 1:23-cv-01293-GLR (relying on *MSI, Inc. v. Montgomery Cnty.*, 2023 WL 4373260, at *8 (D. Md. July 6, 2023), which relied in turn on *Bondi*).

*Lara* thus "set aside" Pennsylvania's "catalogue of statutes from the mid-to-late nineteenth century" and found the "conspicuously sparse" Founding Era evidence insufficient to sustain Pennsylvania's laws. *Lara*, 91 F.4th at 134–37.

The State of Maryland similarly tries to defend the Carry Bans with motley assortments of far-too-late sources that, as in *Lara*, should be "set aside." *Id.* at 134. Reconstruction Era sources cannot establish a requisite historical tradition and, thus, cannot sustain the Carry Bans. *Id.* at 134 n.14 ("the better choice is the founding era"). Properly construing *Bruen*'s standard, the Carry Bans are unconstitutional.

The Court should grant the *Kipke* Plaintiffs' Motion for Summary Judgment, (ECF Nos. 13, 29), and deny Defendants' Motion for Summary Judgment, (ECF Nos. 21, 30).

April 10, 2024
Page 2

Respectfully,

*/s/ John Parker Sweeney*

John Parker Sweeney
Counsel for *Kipke* Plaintiffs

cc: All counsel of record (via CM/ECF)

Enclosures: Sur Petition for Rehearing, ECF Doc. No. 86, *Lara v. Commissioner Pennsylvania State Police*, No. 21-1832 (3d Cir. Mar. 27, 2024) (**Exhibit A**); Opinion, ECF Doc. No. 77, *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122 (3d Cir. 2024) (**Exhibit B**).