**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



July 16, 2024

<u>Via CM/ECF</u>

Catherine M. Stavlas, Clerk of Court
United States District Court for the District of Maryland

      RE:    Notice of Supplemental Authority, *Kipke, et al. v. Moore, et al.*, No. 1:23-cv-01293-GLR

Dear Ms. Stavlas,

    I invite the Court's attention to an intervening summary disposition by the United States Supreme Court in *Antonyuk v. James*, S. Ct. Case No. 23-910, 603 U.S. at 4. On July 2, 2024, the Supreme Court granted the petition for writ of certiorari, vacated the judgment in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded the case to the United States Court of Appeals for the Second Circuit for further consideration in light of the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. ---, 2024 WL 3074728 (U.S. June 21, 2024). (Order attached as **Exhibit A**).

    *Rahimi* upheld the facial constitutionality of 18 U.S.C. § 922(g)(8), holding: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed." (Slip. Op. at 17). In doing so, the *Rahimi* Court reaffirmed that, under *Bruen*, a firearms regulation does not pass muster under the Second Amendment unless it fits within the United States' "historical tradition of firearms regulation." (*Id.* at 6 (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22 (2022)). That requires a state to justify a firearms restriction by: (1) identifying a "relevantly similar" historical regulation from the Founding Era; and (2) demonstrating that the proffered historical regulation burdens Second Amendment rights similarly and through the same mechanism as the challenged regulation. (*Id.* at 7 (emphasizing that "[w]hy and how the regulation burdens the right are central" to determining "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition")).

    In *Antonyuk*, the Second Circuit incorrectly relied on *Bruen*'s carry-license dicta to suggest that an interest-balancing test – one that takes no account of historical context – could justify carry-licensing criteria that burdens Second Amendment conduct. 89 F.4th at 301–03. *Rahimi* flatly rejects *Antonyuk*'s reading of *Bruen*, as well as the Second Circuit's conclusion that "the lack of a distinctly similar historical regulation . . . may not be reliably dispositive in Second Amendment challenges to laws addressing modern concerns." *Id.* at 302.

    In its December 11, 2023 notice of supplemental authority (ECF No. 45), the State cites *Antonyuk* as supporting the constitutionality of its Carry Bans. Any continued reliance on *Antonyuk* is now inappropriate. The Supreme Court's July 2nd Order has stripped *Antonyuk* of any persuasive authority here.

July 16, 2024
Page 2

More importantly, the State's notice specifically emphasizes the Second Circuit's conclusion – squarely rejected by *Rahimi* – that modern firearms regulations need not necessarily have a "relevantly similar" historical analogue from the Founding Era to survive a Second Amendment challenge. (*Id.* at 2). In its motion for summary judgment (ECF No. 21-1), the State does not point to a single Founding Era firearms restriction analogous to Maryland's Carry Bans. The State tries to explain away that shortcoming using precisely *Antonyuk*'s reasoning: Founding Era analogues are not mandatory but only a relevant consideration under *Bruen*.

The State also emphasized *Antonyuk*'s reliance on "*Bruen*'s reference to schools as a sensitive place to affirm a historical tradition of restricting firearms in those locations frequented by children and other vulnerable populations." (ECF No. 45 at 2). In doing so, like the Second Circuit, the State ignores *Bruen*'s clear admonition against "defin[ing] the category of 'sensitive places' far too broadly," lest sensitive places "eviscerate the general right to publicly carry arms for self-defense." *Bruen*, 597 U.S. at 31. The existence of a few historical "sensitive places" – which included at the Founding only legislative assemblies, polling places, and courthouses – does not justify the breadth of Maryland's Carry Bans, which presumptively ban firearm carry on all private property and expressly ban firearm carry throughout most of the state.

For these reasons, and all other reasons set forth in their briefs, the Court should grant the *Kipke* Plaintiffs' Motion for Summary Judgment, (ECF Nos. 13, 29), and deny Defendants' Motion for Summary Judgment, (ECF Nos. 21, 30).

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
Counsel for the *Kipke* Plaintiffs

cc: All counsel of record (*via* CM/ECF)

Enclosure: Summary Disposition Order, *Antonyuk v. James*, Case No. 23-910 (July 2, 2024) (**Exhibit A**).