

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

(410) 576-7648

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

**JULIA DOYLE**
*Division Chief*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**RYAN R. DIETRICH**
*Assistant Attorney General*

rdietrich@oag.state.md.us

July 16, 2024

Via CM/ECF

Catherine M. Stavlas, Clerk of Court
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: *Kipke, et al. v. Moore, et al.*, No. 1:23-cv-01293-GLR

Dear Ms. Stavlas:

Defendants hereby respond to the plaintiffs' letter (ECF 53) advising this Court of the recent decision of the United States Supreme Court in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

In *Rahimi*, the Supreme Court had "no trouble" concluding that 18 U.S.C. § 922(g)(8) survived a facial constitutional challenge under the Second Amendment. 144 S. Ct. at 1902. In doing so, the Court clarified that the core question at the second step of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), is not whether a modern regulation is supported by "a 'dead ringer' or a 'historical twin,'" but whether a "challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at 1898 (emphasis added); *see also id.* (stating that a reviewing court "must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'" (citing *Bruen*, 597 U.S. at 29)).

The *Rahimi* Court's clarification of the *Bruen* standard underscores why the defendants should prevail here. As detailed in the State's briefing, the challenged prohibitions in Senate Bill 1 are not only supported by numerous historical analogues, but, like those analogues themselves, are also supported the principles underlying the Second Amendment generally.

Moreover, plaintiffs' reliance on the specific holding in *Rahimi* is misplaced.  Plaintiffs argue that, because *Rahimi* reiterated *Bruen's* pronouncement that certain laws (such as "going armed" laws) could not support a "broad prohibitory regime" like the "may-issue" prohibition at issue in *Bruen*, those same laws cannot support the restrictions in Senate Bill 1.  But, as detailed in the State's briefing, the State relies on much more than the Statute of Northampton.  And, more importantly, whereas the Supreme Court concluded that New York's "may issue" regime at issue in *Bruen* was not supported by a robust tradition of historical analogues, the prohibitions in Senate Bill 1 are.  That distinction dooms plaintiffs' challenge here.

Sincerely,

/s/Ryan R. Dietrich

Ryan R. Dietrich

Cc: All counsel through CM/ECF