

| | | |
|---|---|---|
| **CANDACE MCLAREN LANHAM**<br>*Chief Deputy Attorney General* | **STATE OF MARYLAND**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>**CIVIL DIVISION**<br><br>**ANTHONY G. BROWN**<br>*Attorney General* | **JULIA DOYLE**<br>*Division Chief* |
| **CAROLYN A. QUATTROCKI**<br>*Deputy Attorney General* | | **PETER V. BERNS**<br>*General Counsel* |
| **LEONARD J. HOWIE III**<br>*Deputy Attorney General* | | **CHRISTIAN E. BARRERA**<br>*Chief Operating Officer* |
| **ZENITA WICKHAM HURLEY**<br>*Chief, Equity, Policy, and Engagement* | | **RYAN R. DIETRICH**<br>*Assistant Attorney General* |
| (410) 576-7648 | | rdietrich@oag.state.md.us |

July 16, 2024

Via CM/ECF

Catherine M. Stavlas, Clerk of Court
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: *Kipke, et al. v. Moore, et al.*, No. 1:23-cv-01293-GLR

Dear Ms. Stavlas:

    Defendants hereby respond to plaintiffs' letter (ECF 54) advising this Court of the summary disposition of the U.S. Supreme Court in *Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (July 2, 2024). The Supreme Court granted the petition for writ of certiorari, vacated the judgment in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded the case to the U.S. Court of Appeals for the Second Circuit for further consideration in light of the Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

    In *Rahimi*, the Supreme Court had "no trouble" concluding that 18 U.S.C. § 922(g)(8) survived a facial constitutional challenge under the Second Amendment. *Id*. at 1902. In doing so, the Court clarified that the core question at the second step of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), is not whether a modern regulation is supported by "a 'dead ringer' or a 'historical twin,'" but whether a "challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id*. at 1898 (emphasis added).

    In *Antonyuk*, the Second Circuit addressed a challenge to a litany of New York's firearms laws, including those relating to licensing requirements for public-carry permits and restrictions on the public carrying of firearms at sensitive places. Applying the *Bruen* standard, the Second Circuit upheld some of New York's laws while striking down others as unconstitutional.

Although the Supreme Court's order has in fact vacated the judgment in *Antonyuk*, the order, which was summary in nature, does nothing to undermine the Second Circuit's underlying reasoning.  Indeed, the overarching message of *Rahimi* was to provide guidance to those courts that had applied *Bruen*'s test too narrowly to strike down "common sense" legislation.

Nor does the Court's order have any direct impact on this case.  Although the State did rely on *Antonyuk* to support its position, the principles that the Second Circuit applied, and that the State advanced in its briefing, were all derived from *Bruen*.  Plaintiffs' attempt to use the order to support their arguments thus misses the mark.

                Sincerely,

                /s/Ryan R. Dietrich

                Ryan R. Dietrich

Cc: All counsel through CM/ECF